UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
TEDDY MOORE                                          :
                                                     :     **ORDER DISMISSING**
                         Plaintiff,                  :     **COMPLAINT**
      -against-                                      :
                                                     :     08 Civ. 3011 (AKH)
EDWARD R. KORMAN, et al.                             :
                                                     :
                         Defendants.                 :
                                                     :
------------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

       I have reviewed this newly-filed complaint. It is clear from its face that it lacks any merit whatever. Accordingly, I order it dismissed.

       Plaintiff appears pro se. He alleges that he is a resident of Queens, New York, and complains, generally, about the actions of the United States District Court for the Eastern District of New York in overseeing a settlement of class-action litigation filed in that court. The class involved is made up of survivors of the Nazi-caused Holocaust against Jews, and his perception that beneficiaries living in the Former Soviet Union benefited disproportionately. Based on that perception, he calls the Hon. Edward R. Korman an embezzler for ordering fees to be awarded to lawyers and special masters who are styled his friends and associates, particularly defendant Burt Neuborne and defendant Judah Gribetz.

       Six causes of action are alleged, none of which has any merit:

1. Defendants violated 42 U.S.C. § 1983, in that plaintiff's request for attorneys' fees was rejected. However, a court's denial of a request to be paid does not implicate a constitutional right. See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240,

247 (1975) (noting that absent statute or enforceable contract, litigants are expected to pay their own attorney's fees and costs).

2. The same, with the addition of a conspiracy count. Alleging a conspiracy, however, does not change an unmeritorious cause of action into a meritorious cause of action.

3. This is a claim that due process was violated because Judge Korman was not fair and impartial. Plaintiff's remedy is by appeal, not by a collateral action. A judicial action that denies plaintiff's application is not a denial of due process.

4. This claim, a state claim, alleges that Judge Korman represented himself as fair and impartial. Because, allegedly, he was not, plaintiff claims that he was guilty of fraud, theft and conversion. The claim is nonsensical. A judge's orders, seeing to the creation of a fund and then its distribution, cannot be fraud or conversion.

5. This claim is for gross negligence, presumably for making decisions, and ordering things to be done, with respect to a fund created in the settlement of a litigation. In addition to many other deficiencies, no duty to plaintiff has been shown that would enable him to bring suit.

6. This is a catch-all claim alleging a RICO claim. However, plaintiff cannot show injury to his business or property, as required by the statute. See 18 U.S.C. § 1964(c) (providing for civil remedies for those who have been injured as a result of RICO violations). Hence, he has no standing to sue. See id.; see also Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc., 271 F.3d 374, 380 (2d Cir.2001) (holding that "RICO's use of the clause 'by reason of' has been held to limit standing to those plaintiffs who allege that the asserted RICO violation was the legal, or proximate, cause of their injury, as well as a logical, or 'but for,' cause.").

Plaintiff, focusing his anger on Judge Korman, has failed to plead any actionable allegations against defendants Neuborne and Gribetz. And defendant Korman has absolute immunity for his judicial acts. See, e.g., Stump v. Starkman, 435 U.S. 349 (1978) (holding that judges have absolute immunity from suit for official acts).

Accordingly, the complaint is dismissed. The Clerk is instructed to mark the case closed.

SO ORDERED.

Dated:   April 7, 2008
         New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge